IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHAEL BUCKLEY                                                                              PETITIONER

VS.                                                               CIVIL ACTION NO. 3:18cv426-DPJ-FKB

SUPERINTENDENT J. BANKS                                                             RESPONDENT

## REPORT AND RECOMMENDATION

Michael Buckley entered a plea of guilty in the Circuit Court of Hinds County, Mississippi, on August 1, 2016, to one count of robbery under Miss. Code Ann. § 97-3-73 (robbery committed without a deadly weapon).  He was sentenced to a term of 15 years in the custody of the Mississippi Department of Corrections (MDOC), with 15 years to serve and two years of post-release supervision; this sentence was to run concurrently with two other sentences imposed that same day.[1]  However, the sentencing order mistakenly identified the crime of conviction as "armed robbery."  *See* [7-6] at 13.  On July 5, 2017, Buckley filed in the trial court a petition to clarify his sentence.  The court granted the petition, and on March 29, 2018, it amended the sentencing order to reflect that Buckley's crime of conviction is robbery, rather than armed robbery.  *See* [7-4] at 1.

---

[1] Buckley also pleaded guilty on this same date to one count of aggravated assault and one count of auto burglary.  On the aggravated assault count, he was sentenced to 20 years, 15 to serve and two years of post-release supervision.  He was sentenced to seven years with credit for time served on the auto burglary count.

Buckley then filed the present petition under 28 U.S.C. § 2254. In the petition, he states that he is seeking review and clarification of his sentence. He says that his sentence is "illegal," in that MDOC has construed the sentence as "mandatory."

Respondent has filed a motion to dismiss, asserting three arguments: (1) That to the extent Buckley is challenging his original sentencing order, his petition is time-barred; (2) that he has failed to exhaust his claim regarding the manner in which his sentence is being executed; and (3) that his challenge to the manner in which his sentence is being executed is moot, in that MDOC's records correctly reflect that Buckley's sentence is for robbery, not armed robbery. Buckley has not responded to the motion.

The undersigned agrees with Respondent that were Buckley challenging his original sentence, his petition would be barred pursuant to § 2244(d). However, the undersigned reads the petition as challenging not the original sentence imposed by the trial court, but the manner in which his sentence is being executed by MDOC. It is apparently Buckley's belief that MDOC has failed to change its records to reflect that his sentence is for robbery, not armed robbery. The distinction between the two crimes is significant, as it implicates Buckley's eligibility for parole. While a prisoner convicted of robbery may be considered for parole, Miss. Code Ann. § 47-7-3(1)(c)(ii) provides that a defendant convicted of armed robbery is ineligible for parole. Thus, when Buckley states that MDOC considers his sentence to be "mandatory," he apparently means that MDOC considers him ineligible for parole.

This reading of the petition also leads the undersigned to conclude that the petition should be construed as having been brought under 28 U.S.C. § 2241, rather than § 2254, as a petition under § 2241 is the proper vehicle for challenging the manner in which a sentence is executed. *See Padilla v. United States*, 416 F.3d 424, 425-25 (5th Cir.2005).

In support of her argument as to mootness, Respondent has submitted the MDOC sentence computation records for Buckley dated August 9, 2016 (i.e., immediately following the original sentence) and May 1, 2018 (after the sentencing order was amended). The former of these computations indicates that Buckley was convicted of armed robbery. [7-8] at 1. However, the latter computation sheet indicates that the sentencing order has been amended, and it identifies Buckley's sentence as one for robbery, rather than armed robbery. [7-8] at 2. Thus, it is clear that MDOC received a copy of the amended sentencing order and adjusted its records to reflect the change. Therefore, Buckley's request for relief is moot. For this reason, the undersigned recommends that the Petition be dismissed.

Because the petition is moot, this court is without jurisdiction, and there is no need to address Respondent's argument as to exhaustion.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R.

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 29th day of April, 2019.

                                                s/ F. Keith Ball  
                                                United States Magistrate Judge